1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8               FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   ROBERT D. RODRIGUEZ,                    No. 2:24-cv-2538 TLN AC PS

11                  Plaintiff,

12         v.                                FINDINGS AND RECOMMENDATIONS

13   SUSAN BELINGHERI, et al,

14                  Defendants.

15

16         Plaintiff paid the filing fee and is proceeding in this matter pro se; pre-trial proceedings

17   are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21).  Defendant State

18   Bar of California and its defendant employees (collectively, "State Bar") filed a motion to dismiss

19   for lack of jurisdiction and failure to state a claim.  ECF No. 30.  Defendants California

20   Deposition Reporters and Dennis G. Peyton ("CDR motion") also filed a motion to dismiss.  ECF

21   No. 36-1.  Plaintiff opposed the motions.  ECF No. 43 and 44.  For the reasons set forth below the

22   undersigned recommends that the CDR motion to dismiss be GRANTED, that this case be

23   dismissed in its entirety against all defendants, and that all other pending motions be DENIED as

24   MOOT.

25                              **I. Background**

26         A.    The Complaint

27         Plaintiff filed the operative 78-page First Amended Complaint ("FAC") alleging that the

28   State Bar Association and the Chief Trial Counsel are corrupt, law-violating entities which are

                                      1

"now only concerned with the current Thomas Girardi scandal instead of citizen's civil and Constitutional rights and liberty interests."  ECF No. 27 at 5.  Plaintiff alleges that state agents and actors took bribes from Girardi to cover up his violations of the law, including criminal conduct.  Id.  The allegations are disjointed, and largely involve claims of wrongdoing by the California State Bar and Office of the Chief Trial Counsel that are disconnected from plaintiff himself.  See, e.g., id. at 5-22.

Allegations related to plaintiff begin on page 22 of the FAC, where plaintiff alleges that "the California State Bar Association and the Office of the Chief Trial Counsel initiated disciplinary proceedings against him, In re the matter of Robert D. Rodriguez, State Bar Court case numbers 17-O-2173, 17-O-02028; 17-O-02928; 17-O-03234; 18-O-11239, under the above herein described subverted underground rules and regulation system with the sole intent to violate his Constitutional rights and disbar Plaintiff with knowledge" of the Thomas Girardi scandal, plaintiff being a solo practitioner, plaintiff being a Latino male, and plaintiff being 63-years old and disabled.  ECF No. 27 at 22-23.  Plaintiff brings multiple causes of action under 42 U.S.C. § 1983.  ECF No. 27 at 34-61, 69-74.  Plaintiff also alleges a conspiracy under 42 U.S.C. § 1985. Id. at 61-69.

## B. Motion to Dismiss

There are two ripe motions to dismiss, and plaintiff has opposed each motion.  The first motion is brought by defendants Kyuhee Han, Craig Matheny, Braulio Munoz, Maria Oropeza. ECF No. 30 (opposition at ECF No. 43).  The second motion is brought by defendants California Deposition Reporters and Denis G. Peyton ("CDR Motion").  ECF No. 36 (opposition at ECF No. 44).  While both motions to dismiss raise several arguments going to the lack of merit of plaintiff's claims, the CDR motion raises the dispositive threshold issue: plaintiff's claims are time-barred.  ECF No. 36-1 at 16.

## II. Analysis

### A. Legal Standards Governing Motions to Dismiss

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint."  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).  In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action.  Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)).  Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).  However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001). t

Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014).  The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d

3

266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B. Judicial Notice

Motions to dismiss are based on the pleadings, and generally, "if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the non-moving party an opportunity to respond. See Fed. R. Civ. P. 12(b); Parrino v. FHP, Inc., 146 F.3d 699, 706 n. 4 (9th Cir.1998).  A court may, however, consider certain materials, such as documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, without converting the motion to dismiss into a motion for summary judgment.  United States v. Ritchie, 342 F.3d 903, 907–08 (9th Cir. 2003).  On a motion to dismiss a court may take judicial notice of ascertainable facts outside the pleadings that are matters of public record.  Fed. R. Evid. 201(b)(2); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).  Courts may take judicial notice of the records of other courts for the limited purpose of recognizing the judicial act that the order or filing represents on the subject matter of the litigation.  Ramirez v. United Airlines Inc., 416 F. Supp. 2d 792, 795 (N.D. Cal. 2005).

Defendants CDR submitted a request for judicial notice with their motion to dismiss. ECF No. 36-3.  While the motion requests judicial notice of several documents, one in particular is relevant to the court's decision: the Supreme Court of California's En Banc Ruling in the case In re Robert Daniel Rodriguez, dated August 24, 2022, Case No. SBC-19-0-30583 (ECF No. 36-3 at 75-77).  The court takes judicial notice of the fact that the Supreme Court of California disbarred Robert D. Rodriguez, and that the order was issued on September 1, 2022.  ECF No. 36-3 at 77.

C. All of Plaintiff's Claims are Time-Barred

Though the First Amended Complaint makes many generalized allegations about the historical and continued corruption of the State Bar Association, these allegations provide

background and are ultimately irrelevant to plaintiff's claims for relief, which are plainly based on his own allegedly unconstitutional disbarment. ECF No. 27 at 22-23. The FAC's first cause of action alleges that defendants' violated plaintiff's substantive due process rights under §1983 by preventing him from making an ongoing living as an attorney. Id. at 22. The second cause of action alleges defendants violated his procedural due process rights under §1983 by selectively prosecuting him for disbarment. Id. at 40-46. The third cause of action alleges defendants violated his 14th amendment right to equal protection under §1983 by singling him out for disbarment due to his status as a 60-year-old, disabled, Latino, male, solo-practitioner. Id. at 46-52. The fourth cause of action alleges defendants violated plaintiff's First and Fourteenth Amendment rights by maliciously prosecuting him for disbarment without probable case. Id. at 52-61. The fifth cause of action alleges defendants engaged in a conspiracy to disbar him in violation of 42 U.S.C. §1985. Id. at 61-69. The sixth cause of action alleges that defendants violated his Fourteenth Amendment substantive due process rights by failing to give him a fair warning that his conduct was prohibited by law. Id. at 69-74.

Each of plaintiff's claims is brought pursuant to 42 U.S.C. § 1983 (ECF No. 27 at 34-61 69-74) with the exception of the conspiracy claim under 42 U.S.C. § 1985 (Id. at 61-69). "It is well-established that claims brought under § 1983 borrow the forum state's statute of limitations for personal injury claims, and in California, that limitations period is two years." Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd., 509 F.3d 1020, 1026–27 (9th Cir. 2007) (citing Cal. Civ. Proc. Code § 335.1). Claims brought under 42 U.S.C. § 1985 are "governed by the same statute of limitations as actions under § 1983." McDougal v. County of Imperial, 942 F.2d 668, 673–74 (9th Cir.1991).

As set forth above, the court takes judicial notice of documents from the State Supreme Court showing that plaintiff was disbarred no later than September 1, 2022. "Although state law determines the statute of limitations for § 1983 claims, federal law governs when a claim accrues." Soto v. Sweetman, 882 F.3d 865, 870 (9th Cir. 2018) (citation omitted). "Under federal law, accrual occurs when the plaintiff has a complete and present cause of action and may file a suit to obtain relief." Poucil v. Tilton, 704 F.3d 568, 573 (2012) (citations omitted). In

1  general, a cause of action accrues when the plaintiff "knows or has reason to know of the injury

2  which is the basis of the action." Morales v. City of Los Angeles, 214 F.3d 1151, 1154 (9th

3  Cir.2000) (quotations and citation omitted).

4      It is very clear from the allegations that the conduct giving rise to each of plaintiff's

5  claims necessarily took place before he was actually disbarred, during the process in which he

6  was referred to the State Bar Association and going through the disbarment process, and that each

7  claim accrued no later than plaintiff's actual disbarment date of September 1, 2022.  Looking to

8  the earliest date on the original complaint (September 13, 2024), the complaint was filed a

9  minimum of 12 days late.

10     Plaintiff does not address the statue of limitations in his opposition to the CDR motion.

11 ECF No. 44.  Though plaintiff does not raise the issue of equitable tolling, which "operates to

12 suspend or extend a statute of limitations and necessary to ensure fundamental practicality and

13 fairness," the court has nonetheless considered whether this doctrine could potentially apply to

14 save plaintiff's case from being time-barred. Cross v. City & County of San Francisco, 386 F.

15 Supp. 3d 1132, 1146 (N.D. Cal. 2019) (internal quotation omitted).  "An equitable tolling

16 determination generally requires a balancing by the court, in particular, (1) the reasons for the

17 plaintiff's delay in filing suit and (2) prejudice to the defendant if the case were to go forward."

18 Id. a 1147.  Here, plaintiff provides no reason at all for the untimely filing of this case.  Plaintiff

19 plainly had all of the information he needed to file this lawsuit as of the date of his disbarment,

20 yet he waited over two years to file.  Allegations about the Bar Association's alleged misconduct

21 that post-date plaintiff's disbarment (e.g., documents released in 2023 regarding the Thomas

22 Girardi scandal, see, e.g., ECF No. 27 at 8-10), are irrelevant to plaintiff's causes of action.  The

23 fact that he includes these allegations does not alter the fact that his claims arise from his

24 disbarment and therefore accrued no later than September 1, 2022.

25     It is plain to the undersigned based on the allegations of the First Amended Complaint, the

26 date of the disbarment decision, and the date of the initial filing of this case, that this action is

27 entirely barred by the statute of limitations.  Statutes of limitations "necessarily operate harshly

28 and arbitrarily with respect to individuals who fall just on the other side of them, but if the

1  concept of a [statute of limitation] is to have any content, the deadline must be enforced.

2  United States v. Locke, 471 U.S. 84, 101 (1985).  Accordingly, because the statute of limitations

3  bars each of plaintiff's claims, this case must be dismissed in its entirety.

4  **III.    Leave to Amend Is Not Appropriate**

5  Plaintiff's First Amended Complaint is fatally flawed because it is barred by the statute of

6  limitations.  Though a pro se plaintiff is generally entitled to an opportunity to correct defects in a

7  complaint by amendment, that step is not appropriate in cases such as this one, in which the

8  defects cannot be cured.  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

9  **IV.  Conclusion**

10  The undersigned recommends that the motion to dismiss brought by California Deposition

11  Reporters and Dennis G. Peyton (ECF No. 36) be GRANTED and that this case be dismissed in

12  its entirely and as to all defendants as time barred.  All other pending motions should be denied as

13  moot.

14  These findings and recommendations are submitted to the United States District Judge

15  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days

16  after being served with these findings and recommendations, any party may file written

17  objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a

18  document should be captioned "Objections to Magistrate Judge's Findings and

19  Recommendations."  Failure to file objections within the specified time may waive the right to

20  appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez

21  v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

22  DATED: September 22, 2025

23  ALLISON CLAIRE
24  UNITED STATES MAGISTRATE JUDGE

25

26

27

28